**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4198**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ERIC DOUGLAS JOHNSON,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00358-NCT-1)

Submitted:  September 9, 2020          Decided:  September 14, 2020

Before KEENAN, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant.  Meredith Christine Ruggles, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Douglas Johnson appeals the district court's judgment revoking supervised release and imposing a prison term of 14 months plus 23 days with no additional supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Johnson's revocation sentence was plainly unreasonable. Although advised of his right to file a pro se supplemental brief, Johnson did not file one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable." *Webb*, 738 F.3d at 640. Only if the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted). "A sentence within the

2

policy statement range is presumed reasonable . . . ." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). Only if this court finds a sentence unreasonable does it consider "whether it is plainly so." *Webb*, 738 F.3d at 640 (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s. (2018); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. An explanation is sufficient if this court can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

The Government asserted that a sentence at the high end of the undisputed policy statement range was appropriate because Johnson repeatedly violated the conditions of

3

supervised release despite efforts by the court and others to help him. Defense counsel acknowledged that, under the circumstances, he could not disagree with the Government's assessment that a sentence at the high end of the policy statement range was appropriate. The district court sentenced Johnson to 14 months' imprisonment, the top of the policy statement range, plus 23 days for the unserved portion of the location monitoring home detention program that Johnson failed to successfully complete.[1]

Our review of the revocation hearing transcript convinces us that, in selecting this sentence, the court relied, primarily, on Johnson's breach of the court's trust and Johnson's history and characteristics, 18 U.S.C. §§ 3553(a)(1), 3583(e). Furthermore, the revocation sentence was within the two-year statutory maximum. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3). We conclude that Johnson's sentence was not unreasonable and, hence, was not plainly so.

Johnson, who committed his underlying offense after the effective date of the PROTECT Act,[2] next argues that he was entitled to the benefit of the pre-PROTECT Act aggregation rules because his offense did not involve the exploitation of children.

---

[1] Prior to revoking supervised release, in response to Johnson's testing positive for illegal substances in violation of the terms of supervised release, the court modified the conditions of supervised release to require Johnson to participate in a 30-day location home monitoring detention program. Johnson was terminated from the program shortly after it commenced. Under USSG § 7B1.3(d), in addition to the sentence determined under USSG § 7B1.4, the court was authorized to impose a term of imprisonment equal to the unserved portion of Johnson's location home monitoring program.

[2] Among other amendments, the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("the PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650 (2003), made changes to 18 U.S.C. § 3583, the supervised release provision.

However, the PROTECT Act "expressly applies to *all* offenders on *any* revocation." *United States v. Hernandez*, 655 F. 3d 1193, 1197 (10th Cir. 2011).

We have also considered Johnson's challenge to the jurisdiction of the Middle District of North Carolina and find his claim to be without merit. *See* 18 U.S.C. § 3605. Finally, to the extent that Johnson seeks to challenge his previous supervised release revocation sentence, such a claim is not properly before us. *Cf. United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018) ("A supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*